**Meyer USHKOW, Plaintiff,**

v.

**Edwin L. REYNOLDS, Acting Commissioner of Patents, Defendant.**

**Civ. A. No. 3036–63.**

United States District Court
District of Columbia.

March 29, 1965.

Meyer Ushkow, pro se.

Clarence W. Moore, Sol., U. S. Patent Office, Washington, D. C., for defendant.

JACKSON, District Judge.

This is an action under Section 145 of Title 35 of the United States Code in which the plaintiff sought to have the Court adjudge that he is entitled to receive a patent containing claims 17, 18, 19, 20, 22, 23, 26, and 27 to 33 of his application for patent, Serial No. 821,-054, filed June 17, 1959, entitled "Modified Spoon".

The invention described in the application relates to a sealed container for use with medicinal preparations. It consists of a spoon which has a bowl surrounded by a flat platform, and an adhesive cover, which is placed over the top of the platform to seal the bowl.

All the claims were refused by the Patent Office on the ground that the subject matter they contained would have been obvious at the time of the invention to a person familiar with the art to which the subject matter pertained. 35 U.S.C. § 103. The prior art relied upon consisted of United States Patents to Nelson et al., No. 720,277 (1903), Tunick, No. 1,708,456 (1928), Marshall, No. 2,-736,656 (1956), and Silver, No. 2,676,-428 (1954).

The patents to Nelson and Tunick disclose spoon-shaped containers that are provided with covers in order to prevent the contents of the spoon from escaping. In the Nelson spoon, the bowl and cover are both made of metal; and the bowl is surrounded by a flat platform against which the cover is held by metal arms which are attached to the cover and bent around the neck of the spoon. In the Tunick spoon, the bowl is made of cardboard or papier mache, and the cover is mounted on a handle which is folded to bring the cover into engagement with a flat area surrounding the bowl.

The Marshall and Silver patents show containers which are sealed by cover pieces secured by adhesion to flat platforms surrounding the container's edges. In Marshall, the cover is a plastic sheet, such as "Pliofilm", which is sealed to the platform area on the container by the application of heat and pressure. In Silver, the cover is an adhesive flexible sheet, such as "Scotch tape". In neither of these patents is the container in the shape of a spoon.

The Patent Office took the position that it would be obvious to incorporate the adhesive covering feature of the Marshall and Silver patents in the spoon-shaped containers of Nelson and Tunick.

The plaintiff contended, however, that the unsealed devices of Nelson and Tunick were not leak-proof, not dust-proof, not air-proof, and could not be sterilized. He also asserted further that the concept of attaching by adhesion shown in Marshall and Silver came from fields of endeavor not directly related to the one in which he made his invention.

The Patent Office, in response, pointed out that the feature of being leak-proof, dust-proof, air-proof, and susceptible of sterilization was not spelled out in the claims. The Patent Office further noted that the invention was essentially an improved container, and hence that the teachings of Marshall, being in the art of packaging, were related directly to the subject matter in question.

The Court must agree with the defendant. Although the plaintiff's testimony did show that his sealed spoon is highly useful, he could not demonstrate that the Patent Office was clearly wrong in finding that the spoon lacked novelty. The Nelson and Tunick devices, when viewed in light of Marshall's adhesive seal, seem to make the plaintiff's step an obvious one. What plaintiff has done, in effect, is to take Marshall's adhesive cover and substitute it in Nelson's or Tunick's spoon. The utility that results is not other than what one might expect.

The Court will find for the defendant, against the plaintiff, and will order that the Complaint be dismissed.

The above Opinion contains Findings of Fact and Conclusions of Law.